Nanette Dembitz, J.
In the instant juvenile delinquency petition the 15-year-old respondent is charged with acts which would if he were an adult constitute first degree murder. The alleged acts are respondent’s stabbing during a fracas of a relative, who was also shot by respondent’s father. Respondent moves to suppress his written confession to an Assistant District Attorney on the ground that its admission would violate the requirements established by Miranda v. Arizona (384 U. S. 436), for the protection of the privilege against self incrimination in a police or prosecutorial interrogation. This court concludes that respondent’s motion must be denied.
At the hearing on respondent’s motion, a New York City policeman testified that he went to the apartment of respondent’s mother on the morning after the alleged murder.; that he told respondent in his mother’s presence, that he was under arrest; that he then read to respondent and his mother the four Miranda monitions; and that respondent and his mother gave appropriate answers waiving respondent’s rights. However, because of various inconsistencies and incredibilities in the policeman’s testimony, and because of the credibility of respondent’s contradictory testimony, the court finds that the policeman gave the Miranda warnings, if at all, after respondent made an oral confession.
The circumstances of the oral confession were that after respondent was told he was arrested and while he was dressing to go to the police station, he went into a room of the apartment where there were two or three policemen other than the arresting officer. One asked him “ What happened? and he confessed fully to the act with which he is now charged, *1018 describing the circumstances and his motive. Respondent was then taken to the police station. There, about four hours after his oral confession, respondent in the presence of his mother was given the Miranda warnings, waived his privilege against self incrimination, and signed a confession taken by an Assistant District Attorney. (The lapse of time was due to the District Attorney’s other assignments.)
EFFECT OF ORAL CONFESSION ON VALIDITY OF WRITTEN CONFESSION
Respondent was not questioned between the two confessions nor does he complain of any mistreatment. The sole ground respondent asserts for suppression of his written confession is that his previous oral confession was secured in violation of his Miranda rights and that his waiver of such rights in the police station was influenced by the fact that he had through his illegally obtained confession already ‘ ‘ let the cat out of the bag ”. (See United States v. Bayer, 331 U. S. 532, 540 for this often-cited dictum.)
It seems clear that the Miranda requirements apply to respondent’s oral confession (see People v. Rodney P., 21 N Y 2d 1, 6, 10-11), and that it was elicited in violation of his constitutional privilege against self incrimination. Respondent relies primarily on United States ex rel. Stephen J. B. v. Shelly (430 F. 2d 215 [C. A. 2d, 1970]) for his position that his written confession is therefore inadmissible.
In that case of confessions by a youth prior and subsequent to Miranda warnings, the admission of the later confession was upheld by the New York Court of Appeals. (People v. Stephen J. B., 23 N Y 2d 611.) That court emphasized that the decisions excluding the later of several confessions relate to “ earlier abuse * * * that * * * necessarily dominated the suspect’s mind to such an extent that the later confession is involuntary,” rather than to confessions that “ were 1 voluntary ’ in all respects, but inadmissible by Miranda standards ” (supra, pp. 614-615). Thereafter a United States District Court, granting a writ of habeas corpus, held the later confession inadmissible (United States ex rel. Stephen J. B. v. Shelly, 305 F. Supp. 55 [E. D. N. Y., 1969]), and its decision was affirmed on appeal (430 F. 2d 215 [1970]). In contrast to the New York Court of Appeals, the Federal courts emphasized the constitutional requirement under the self incrimination clause of a voluntary waiver of Miranda rights, rather than the constitutional requirement under the due process clause *1019 of voluntariness of a confession. (Cf. Davis v. North Carolina, 384 U. S. 737, 740-741; Haynes v. Washington, 373 U. S. 503, 513.)
CONTROLLING AUTHORITY OF TANNER DECISION
The limited authority of the Federal opinions in Stephen J. B. has been determined for this court by People v. Tanner (30 N Y 2d 102). The Tanner unanimous opinion emphasized that the United 'States Court of Appeals decision viewed the improperly elicited prior statement as only “ one factor, not apparently the controlling one ’ ’ in its conclusion that the defendant’s post-warnings statement was inadmissible (30 N Y 2d 102, 106). Further, the Tanner opinion rejects the Federal court’s view (430 F. 2d 215, 218) that the prosecution bears a heavy burden of ¡proof that a waiver of Miranda rights is uninfluenced by a prior confession obtained in violation of Miranda requirements. (As to the burden of proof of the voluntariness of an uncounseled defendant’s waiver, see Miranda, 384 U. S. 436, 475.) Bather, reiterating its approach in Stephen J. B., and upholding the lower court’s conclusion that Tanner’s later confession was “ voluntarily made,” the New York Court of Appeals also held: “ Whether an accused believes himself so committed by a prior statement that he feels bound to make another, depends on his state of mind which is a fact question. Appellant testified at the Huntley hearing. He did not say that his prior statement had any effect on his later statement to the Assistant District Attorney * * * Although counsel for appellant raised the question before the hearing Judge that the subsequent statement was 1 tainted ’ by the earlier ones, no factual basis for this appears in the record, not even the defendant’s own expression of his state of mind.” (30 N Y 2d 102, 106.)
Thus, under Tanner this court is not to indulge in any presumption of fact or law that a confession made without Miranda warnings influences a defendant when he thereafter waives his privilege against self incrimination. On the contrary, the validity of his waiver, if the Miranda monitions are duly given, is to be assumed despite his earlier inadmissible confession, unless involuntariness as a result of the earlier episode is factually demonstrated.
Here, as in Tanner, though respondent testified at the hearing on his suppression motion, he failed to testify that his waiver was influenced by his earlier confession; further, the evidence failed to indicate special circumstances probative of such influence. For respondent’s first confession was made *1020 informally in his mother’s apartment about four hours before the Miranda warnings in the police station; and in the interim he had been handcuffed for transportation to the police station (compare the circumstances in United States v. Knight, 395 F. 2d 971, 975; Westover v. United States, 384 U. S. 436, 494). That respondent was impressed by the warnings is evidenced by his recall of their content at the suppression hearing, although he testified that he had never heard them before hearing them at the police station.
Accordingly, under the Tanner doctrine this court must deny respondent’s motion to suppress his written confession.
RELATION OF APPEALS COURTS’ DECISIONS TO MIRANDA GOALS
While this court must of course follow the New York rather than the United States Court of Appeals, their differing approach to waiver of the right to counsel may be noted. In the event of confessions before and after Miranda warnings, the Federal courts in Stephen J. B. indicated that the defendant cannot be viewed as voluntarily waiving his right to silence and to counsel at the second interrogation unless there is reason to believe that he realized without counsel “that he had not yet legally incriminated himself” (Stephen J. B., 430 F. 2d 215, 218) — that he knew “ his earlier admissions could not be used ” (Stephen J. B., 305 F. Supp. 55, 59). But the Miranda rules, affording defendants a standardized protective formula, did not -go so far as to require a “knowing” waiver in the sense of an explication to defendants of the benefits of counsel. An equality of knowledge by defendants that they '‘ had better remain silent ” to improve their litigative position (see Stephen J. B., 305 F. Supp. 55, 59), would require, it would seem, a step beyond Miranda to a ban on all uncounseled confessions. For even “ a person who calls the police to offer a confession ” (see Miranda, 384 U. S. 436, 478) might well reconsider if because of his socioeconomic position he has counsel on retainer or is schooled in consulting counsel before making a statement. (Consider Commonwealth v. Moody, 429 Pa. 39, cert. den. 393 U. S. 882.)
In short, even absent an unwarned, oral confession like that made by the instant respondent, there is a greater likelihood of a waiver of Miranda rights by a poor unsophisticated suspect than by an “affluent” or “professional” criminal (see Miranda, 384 U. S. 436, 472, 470); the Miranda rules, even if interpreted as in the Federal decisions in Stephen J. B., fall short of achieving one of the equalitarian goals intimated by the Miranda opinion.
*1021 However, insofar as the Miranda holding was intended to eliminate incommunicado, physically or psychologically coercive police station and jail interrogations (see Miranda, 384 U. S. 436, 445-456; People v. Rodney P., 21 N Y 2d 1, 4-9), the Miranda rules as interpreted in Tanner appear to substantially advance this purpose. It may also he noted that Tanner, rather than the Federal decisions in Stephen J. B., appears closer to the current trend of authority.*
Respondent’s motion for suppression denied.

 For decisions of similar tenor to the Federal decisions in Stephen J, B., see Evans v. United States (375 F. 2d 355, 360-361); and, for an absolutist approach to the influence of a prior unwarned confession, Matter of Michael G. (40 A D 2d 520). For decisions more in harmony with Tanner, see United States v. Knight (395 F. 2d 971, 974-975); Soolook v. State (447 P. 2d 55, 63 [Alaska]; Commonwealth v. White (353 Mass. 409, cert. den. 391 U. S. 968); People v. Chapple (42 A D 2d 883); People v. Jennings (40 A D 2d 357, 363); People v. Troy (70 Misc 2d 799, 803). And see Harris v. New York (401 U. S. 222, 224) ; Commonwealth v. Moody (429 Pa. 39, cert. den. 393 U. S. 882). (Clewis v. Texas, 386 U. S. 707 and Darwin v. Connecticut, 391 U. S. 346, cited by respondent, though decided since Miranda, both involved pre-Miranda involuntary confessions.)